Geeen, J.
delivered the opinion of the court.
In this case it is first insisted by the plaintiff in error, that upon this demurrer nothing can be looked at but the scire facias;, and if that be substantially correct, the demurrer must be overruled. This scire facias is only a notice to the garnishee to appear and show cause why a final judgment should not be entered against him. He is placed upon the return of this process precisely in the *229 same situation in which he was on the return of the original garnishment. Any thing which was a defence for him “then, is in like manner a defence now. On the return of the scire facias, the party summoned may discharge himself by disclosing on oath, (as required by the garnishee summons,) whether he has money or effects of the defendant in his hands; or he may plead or demur, as he could have done on the return of the garnishee summons. In fine, his defence must relate to the garnishee summons as though he had made it upon the return of that process; for the scire facias is but a repetition of the notice upon him to appear. If, therefore, the garnishee summons ought not to have issued, or if it be defective, this demurrer brings such question before the court to be decided.
The defendant in error insists that the alias execution could not properly issue in this case, because the first fi. fa. was levied on 160 acres of land, of which no disposition is shown to have been made. We recognize the doctrine settled by this court in the case of Young and Whitcomb vs. Reed, that a levy on personal property to an amount sufficient to satisfy the execution, is a discharge; but it does not follow that the same rule applies to a levy on real estate. In the latter case, the sheriff has'not possession of the property levied on, has no control over it, and it cannot be wasted in his hands, so as to injure the debtor. Moreover, after such levy, the sheriff may discover personal property upon which it will become his duty to levy and make the money, before he can lawfully sell the lands. Therefore, we hold that a levy on real estate is no discharge of the fi. fa. and that the alias fi. fa. in this case properly issued.
The next question is, whether the garnishee summons in this case is sufficient to require the defendants to answer. This summons was issued by the clerk of Monroe county, and directed to the sheriff of M’Minn, commanding him to summon the defendant. The fi. fa. *230 against the original defendant, had issued to the sheriff of Monroe county. This whole proceeding is erroneous. The statutes no where authorize the clerk to issue a garnishment. In all cases where a garnishee summons is issued after judgment, it must he a written notice by the sheriff or other officer who has an execution in his hands against a party who has no goods on which to levy, addressed to the garnishee, requiring him to appear before the court to which the execution may be returnable. Acts of 1794, ch. 1: 1811, ch. 89: 1813, ch. 20.
Here no execution was in the hands of the sheriff of M’Minn county against Griffin, and the summons was not a notice addressed by himself to Carruth, but was issued to him by the clerk of Monroe county. The demurrer was properly sustained by the circuit court, whose judgment this court affirms.
Judgment affirmed.